UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS MICHAEL THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>J.C. FRY, et al.,<br><br>    Defendants. | No. 2:19-cv-1041 CKD P<br><br>ORDER |

       Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On September 3, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed the complaint with leave to amend and the court gave plaintiff's instructions and guidance as to the contents of his amended complaint. Plaintiff has now filed an amended complaint.

       As plaintiff knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's amended complaint and again finds it fails to state a claim upon which relief can be granted. Despite the advice given to plaintiff as to the contents of his amended complaint, the allegations are vague, confusing and plaintiff fails to point to any facts suggesting any defendant acted in such a manner as to amount to a violation of plaintiff's federal rights. Plaintiff alleges that some of the food provided to him contains aspartame, but plaintiff fails to point to facts suggesting that, even if true, it amounts to cruel and unusual punishment under the Eighth Amendment or amounts to a violation of any other federal right. Plaintiff also makes allegations suggesting he is being subjected to gender discrimination without any clear indication as to the details of such discrimination.

Good cause appearing, plaintiff's amended complaint will be dismissed. Plaintiff will, however, be given one more opportunity to state a claim upon which relief can be granted in a second amended complaint.

Again, plaintiff is reminded as follows as to the contents of his pleadings:

1. The second amended complaint must be legible, clear, and not repetitive.

2. Plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3. The Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." Gregg v. Georgia, 428 U.S. 153, 173 (1976). The Eighth Amendment does not require that prisons be comfortable. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

4. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." This is "essentially a direction that all similarly situated persons should be treated alike," City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985), and the basis for "a right to be free from discrimination in statutory classifications and other governmental activity." Williams v. Vidmar, 367 F.Supp.2d 1265, 1270 (N.D. Cal. 2005).

Additionally, plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the other pleadings no longer serve any function in the case. Therefore, in a second amended complaint, as
/////

in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 12) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 31, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom1041.dis