UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS MICHAEL THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>J.C. FRY, et al.,<br><br>  Defendants. | No. 2:19-cv-1041 KJM CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff is a state prisoner proceeding pro se. In his second amended complaint, plaintiff alleges that his access to products containing high amounts of real sugar, such as sugar itself, syrup, honey, jelly and certain types of candy, is prohibited under California Department of Corrections and Rehabilitation (CDCR) regulations. It appears that plaintiff cannot purchase those items in the commissary at his prison or receive such products from outside the prison. Plaintiff also alleges that the wardens of prisons housing females have discretion to permit the sale of products containing high amounts of real sugar in their commissaries and to permit their inmates from obtaining such products from outside the prison. Plaintiff is proceeding, in part, on a claim for damages arising under the Equal Protection Clause against former CDCR Secretary Ralph Diaz based upon his enforcement of the policy described above. Defendant Diaz moves to dismiss.

/////

1

When considering whether a compliant should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the allegations in the operative pleadings as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The court may also consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  Defendants ask that the court take judicial notice that defendant Diaz's tenure as CDCR Secretary was between September 2018 and October 1, 2020.  Plaintiff does not oppose this request.  Good cause appearing, defendants' request for judicial notice is granted pursuant to Federal Rule of Evidence 201(b)(2).

To survive a motion to dismiss, a claim must have facial plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant Diaz asserts that the remaining claim for damages against him should be dismissed because plaintiff does not adequately allege that Diaz was actually involved in any deprivation of plaintiff's rights.  Liberally construing plaintiff's second amended complaint, as the court must, e.g. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988), the court finds that plaintiff has adequately alleged defendant Diaz was aware of, and enforced the policy at issue considering defendant's Diaz's position as the leader of CDCR the apparent novelty of the policy and the policy's expansive breadth.  Of course, defendant Diaz is free to provide evidence indicating he was not aware of the policy at issue when he was CDCR Secretary and / or that he did not enforce the policy as part of a motion for summary judgment.

Defendant Diaz also asserts the qualified immunity defense.  "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's

2

conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001).

While defendant was CDCR Secretary, it was clearly established that a violation of the Equal Protection Clause could occur if a plaintiff was treated differently from others with whom he was similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Defendants do not contest this, nor contest that plaintiff has adequately pled these aspects of an equal protection claim.

Instead, defendants' argument relates to the level of judicial scrutiny to be applied to prison regulations like those in issue in this case which appear discriminatory. In 1987, the Supreme Court held that, within the context of a claim arising under the First Amendment, a regulation that impinges upon a prisoner's Constitutional rights is still valid and not a basis for liability as long as the regulation "is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 (1987). Recently, however, the Ninth Circuit found that the Turner reasonable relation standard is not applicable in cases involving gender discrimination. In Harrison v. Kernan, 971 F.3d. 1069, 1076 (9th Cir. 2020) the Ninth Circuit found that prison regulations, which, on their face, discriminate on the basis of gender are Constitutional only if the government demonstrates the regulations "serve important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." (Internal quotation omitted.)

Regardless of whether the level a scrutiny applicable to the sugar policy comes from Turner or Harrison, at this point, the burden is on defendants to point to evidence showing the policy is Constitutionally valid. Of course, it is conceivable that a policy that discriminates on the basis of gender might be Constitutionally valid without any evidence from the government as to why the policy furthers penological or government interests, but that is not the case here.

For these reasons, the claim against defendant Diaz is not precluded at this stage by the qualified immunity defense. As with defendants' argument concerning lack of personal involvement, defendants are free to provide evidence in a motion for summary judgment

defending their policy concerning sugar or in support of an argument that summary judgment based upon qualified immunity is appropriate.

In accordance with the above, IT IS HEREBY ORDERED that defendants' request that the court take judicial notice of the fact that defendant Diaz was California Department of Corrections and Rehabilitation Secretary between September 2018 and October 1, 2020 is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 41) be denied.

2. Defendants Diaz and Allison be ordered to file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 26, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom1041.frs

4