UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS MICHAEL THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>J.C. FRY, et al.,<br><br>Defendants. | No. 2:19-cv-1041 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with a civil action. The claims that remain are a claim for damages under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment against former California Department of Corrections and Rehabilitation (CDCR) Secretary Ralph Diaz, and a claim for injunctive relief arising under the Equal Protection Clause against current CDCR Secretary Jeff Macomber. Plaintiff's motion for a preliminary injunction is before the court.

In his second amended complaint, plaintiff alleges that his access to products containing high amounts of real sugar, such as sugar itself, syrup, honey, jelly, and certain types of candy, is prohibited under CDCR regulations. It appears that plaintiff cannot purchase those items in the commissary at his prison or receive such products from outside the prison. Plaintiff alleges that the wardens of prisons housing females have discretion to permit the sale of products

/////

containing high amounts of real sugar in their commissaries, and to permit their inmates to obtain such products from outside the prison.

In his motion for a preliminary injunction, plaintiff asks that the court order CDCR to institute the same policies for men and women with respect to their abilities to purchase, inside and outside prison, products containing high amounts of sugar including sugar itself, syrup, honey, jelly, and candy.

To obtain preliminary injunctive relief, plaintiff must show a likelihood of success on the merits of his equal protection claim for injunctive relief, a likelihood of irreparable harm if preliminary relief is not granted, that the balance of equities tips in favor of granting preliminary relief, and that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24–25 (2008).

In order to prevail on his equal protection claim for injunctive relief, plaintiff has to establish by a preponderance of the evidence that he is being treated differently from others with whom he is similarly situated, and that the unequal treatment is the result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Even if plaintiff makes that showing, he will not be entitled to relief if the defendants demonstrate that the regulations at issue "serve important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." (Internal quotation omitted.)  Harrison v. Kernan, 971 F.3d. 1069, 1076 (9th Cir. 2020).

At this point, plaintiff has not shown that he is likely to succeed on the merits of his equal protection claim for injunctive relief as he has not adequately established that he is similarly situated to female inmates who, under certain circumstances, are allowed to purchase products containing a high amount of sugar.  Groups of individuals are "similarly situated" when their circumstances are "arguably indistinguishable."  Ross v. Moffitt, 417 U.S. 600, 609 (1974).  Circumstances of confinement for men and women are not "arguably indistinguishable" in a general sense, most evident by the fact that not only are men and women not housed together, but they are also not even housed at the same prisons.

As defendants point out, CDCR has regulations which concern the handling of products

which contain large amounts of sugar because those products can be used by inmates to make alcohol.  ECF No. 72 at 5.  Plaintiff does not show a likelihood that his being denied high-sugar products under these regulations, while certain women are permitted to obtain such products, is the product of sex-based discrimination rather than circumstances of confinement of inmates who are not similarly situated.

For these reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 63) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 17, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom1041.pi