UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTIS MICHAEL THOMAS,

    Plaintiff,

v.

J.C. FRY, et al.,

    Defendants.

No. 2:19-cv-1041 KJM CKD P

ORDER

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This action proceeds on a claim for injunctive relief arising under the Equal Protection Clause of the Fourteenth Amendment against California Department of Corrections and Rehabilitation (CDCR) Secretary Jeff Macomber in his official capacity and a claim for damages also arising under the Equal Protection Clause against former Secretary Ralph Diaz in his individual capacity. Essentially, plaintiff complains that female CDCR inmates may purchase food items which contain high amounts of sugar that male inmates are not allowed to purchase. Defendants have filed a motion to compel. Defendants ask that plaintiff be ordered to submit his supplemental interrogatory responses under oath and provide further responses to interrogatory 13 and requests to produce 1, 6, 7, 8 and 22. In his "responses" to the motion, plaintiff does not actually respond to any of defendants' arguments or assertions. Instead, he belatedly complains

1

about some of defendants' discovery responses without any attempt to justify the delay.[1]  His complaints will be addressed.

Defendants are correct that answers to interrogatories must be signed under oath.  Fed R. Civ. P. 33(b)(3).  Accordingly, plaintiff will be ordered to affirm under the penalty of perjury that his supplemental answers to interrogatories are true and correct.[2]

Defendants' interrogatory 13 and plaintiff's responses read as follows:

> INTERROGATORY NO. 13:
>
> Identify and state all facts and documents regarding all food items you purchased, consumed, refrained from purchasing or consuming, from January 1, 2017, to the present day, that contained aspartame or any other type of artificial sweetener.  When identifying any food items, please identify the date, time, location, and cost of any food items identified.
>
> RESPONSE INTERROGATORY NO. 13:
>
> Plaintiff's have consumed (aspartame sweetener) (koolaid) (punch mix) (sugar free candy) and (sugar free jelly) in (sugar free honey) and (sugar free hot coca mix)…
>
> SUPPLEMENTAL RESPONSE INTERROGATORY NO. 13:
>
> The (C.D.C.R. is disallowed) the (male institutions to purchased) real (C&H Sugar) and such as (ketchup) in real (jams or jellies) or real (honey or syrup) fruit juice or (dried fruit) and all (candy) in some real (KoolAid) in real (puddings)….
>
> And all allowed items from a (vendor for male is (sugar free) ves sugar free (jellies) and sugar free (honey in syrup) in sugar-free (candy) in sugarfree (Koolaid) in from the (C.D.C.R. institutions canteen or sugar free) see Attach Exhibit (C) (C.D.C.R. – male institutions canteen list is sugarfree).

/////

/////

/////

/////

---

[1] The deadline for filing motions to compel was November 15, 2023.  ECF Nos. 102 & 104.  The deadline was extended for defendants' to file the motion which is presently before the court.  ECF No. 115.

[2] For example: "I affirm under the penalty of perjury that all of my supplemental responses to defendants' interrogatories are true and correct."  Plaintiff must then sign this affirmation.

Request for production 22, which is related to interrogatory 13, and plaintiff's responses read as follows:

> REQUEST FOR PRODUCTION NO. 22:
>
> Identify and produce any and all writings, documents, communications, and other tangible things that you may have identified in your response to Defendant Diaz's Interrogatory No. 13.
>
> RESPONSE TO REQUEST NO. 22:
>
> Plaintiff's have purchased and consumed (aspartame sweetener) for years and Plaintiff's can tell you that he have consumed (koolaid that have aspartame in it) and the (sugar free honey) and the (sugar free jelly) and the (sugar free candy) and (sugar free barbecue sauce) in sugar free hot coca mix)
>
> SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:
>
> Plaintiff's have purchased this (aspartame sweetener) from the prison-canteen) in that is sugar free: B.B.Q. sauce) and sugar free-drink mix-yes-Koolaid) in sugar free (candy) in sugar free (syrup) in sugar free (honey and jellies) and in the packages vendor the male inmates can only by sugar free (items). This is all that is allowed for the man inmate's to consumed….

With respect to interrogatory No. 13, plaintiff has adequately identified the foods he has purchased. If there are items plaintiff did not purchase because they are artificially sweetened, plaintiff must so identify. As for date, time, location and cost, plaintiff should respond to the best of his ability.

Concerning request to produce 22, plaintiff must produce any receipts or other documents in his possession related to his purchase of items January 1, 2017 which contain an artificial sweetener after as well as documents related to his not purchasing such items (such as an article concerning negative effects of artificial sweeteners). If he has no such documents, he must so indicate.

Request to produce 1 reads as follows:

> REQUEST FOR PRODUCTION NO. 1:
>
> Identify and produce all documents that support your claim for damages, including any medical and mental health records, therapy and counseling records, and receipts for all out-of pocket expenses.

/////

Plaintiff did not produce any documents in response to request 1 and did not indicate no such documents exist. Because plaintiff's objections that the request is vague, ambiguous, overbroad and unduly burdensome are not well taken, plaintiff must respond further. Plaintiff must either produce the documents requested or indicate none exist.

In request to produce 6, defendants seek the following:

> Identify and produce all writings, documents, and communications regarding all food items you purchased, consumed, or refrained from purchasing or consuming, from January 1, 2017, to the present day, that contained aspartame or any other type of artificial sweetener.

Since request to produce 6 appears duplicative of request to produce 22, the court will not order plaintiff to respond further.

Defendants seek the following in request No. 7:

> Identify and produce all writings, documents, and communications regarding all food items you were unable to purchase or consume, from January 1, 2017, to the present day, due to the property regulations alleged in your Complaint.

Instead of producing documents, or indicating none exist, plaintiff identified items he cannot purchase. Good cause appearing, plaintiff must produce the requested documents, or indicate there are none.

Finally, defendants asked for the following in request to produce No. 8.

> Identify and produce any writings, communications, documents, or records regarding the food items you either purchased or consumed, from January 1, 2017, to the present day, that contained aspartame or any other type of artificial sweetener.

Since request to produce 8 appears duplicative of request to produce 22, the court will not order plaintiff to respond further.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 116) is granted as follows:

    A. Within 30 days, plaintiff shall serve upon defendants an affirmation signed under the penalty of perjury that his supplemental responses to defendants' interrogatories are true and correct.

4

    B. Within 30 days, plaintiff shall serve additional responses to defendants' interrogatory 13 and requests to produce 1, 7, and 22 in compliance with the terms identified above.

  2. Defendants' motion to compel is denied with respect to requests to produce 6 and 8.

  3. Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed.

  4. If defendants have a good faith belief that plaintiff did not comply with this order, a motion to compel may be submitted no later than 60 days from the date of this order.

Dated: July 7, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom1041.mtc(2)

5