UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTIS MICHAEL THOMAS,

          Plaintiff,

    v.

FRY, et. al.,

          Defendants.

No.  2:19-cv-01041-DJC-CKD P

ORDER

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis under 42 U.S.C. § 1983. Defendants' third motion to compel (ECF No. 125) is before the court. For the following reasons, defendant's motion to compel is granted. Plaintiff must serve outstanding discovery responses and amended discovery responses as set forth below within 30 days of the date of this order.

**I.     Background**

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This action proceeds on a claim for injunctive relief arising under the Equal Protection Clause of the Fourteenth Amendment against California Department of Corrections and Rehabilitation (CDCR) Secretary Jeff Macomber in his official capacity and a claim for damages also arising under the Equal Protection Clause against former Secretary Ralph Diaz in his individual capacity. Essentially, plaintiff complains that female CDCR inmates may purchase food items which contain high amounts of sugar that male inmates are not allowed to purchase. Defendants previously filed two motions to compel in

1

part because Plaintiff had failed to fully respond to Defendants' Request for Production Numbers 1, 7, and 22. The Court granted Defendants' second motion to compel and ordered Plaintiff to produce the documents requested by Request Numbers 1, 7, and 22, or indicate that none existed.

**II. Defendants' Motion to Compel**

Defendants Macomber and Diaz move for a third time to compel provide further and complete responses to Defendants' First Set of Requests for Production of Documents. Defendants allege that plaintiff responded to Request Numbers 1 and 7 by indicating he had previously produced all documents to defendants on August 28, 2023. ECF No. 125-1 at 2. There is no evidence that plaintiff has previously produced the documents, and, as he has already been informed twice, he must do so.

Plaintiff also responded to Defendants' Request Number 22 by indicating he had responsive documents, but he failed to attach any documents with his written responses. ECF No. 125-2 at 2, 8-9.

In its Order granting defendants' second motion to compel as to Request Number 22, the Court ordered that "plaintiff must produce any receipts or other documents in his possession related to his purchase of items [since] January 1, 2017 which contain an artificial sweetener … as well as documents related to his not purchasing such items (such as an article concerning negative effects of artificial sweeteners). If he has no such documents, he must so indicate." ECF No. 121 at 3.

Plaintiff's pro se status does not excuse him from responding to discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

For defendant's outstanding discovery requests, plaintiff must respond without objections, to the best of his ability. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"). Accordingly, within 21 days of the date of this

order, plaintiff shall serve defendant with written responses, without objections, to defendant's Production of Documents **and produce any responsive documents in his possession or control**.

Plaintiff is hereby informed and cautioned that if a party chooses to ignore discovery obligations, the court has the authority to impose a variety of sanctions, including dismissal of the case. See Fed. R. Civ. P. 37(d)(1)(A), (d)(3); Sanchez v. Rodriguez, 298 F.R.D. 460, 470-73 (C.D. Cal. 2014) (dismissing pro se prisoner's action for failure to respond to discovery and failure to comply with three court orders to respond to discovery).  As this is the third time the Court has addressed plaintiff's failure to comply with his discovery obligations and court orders, plaintiff is informed that a further failure to comply may result in dismissal of this action.

**III.     Plain Language Summary for a Pro Se Litigant**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Based on your failure to respond to properly respond to some of defendants' discovery requests, the court is granting defendants' third motion to compel. You have 30 days from the date of this order to serve amended discovery responses, and to produce responsive documents or indicate that you do not have any such documents. If you do not make a good faith effort to provide the responses to the best of your ability, you will be subject to sanctions, including the possible dismissal of this case.

**IV.     Order**

Good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Defendant's motion to compel (ECF No. 125) is GRANTED; within 30 days of service of this order, plaintiff shall do the following:

    a.  Serve complete responses, without objections, to defendant's Request for Production of Documents and produce all responsive documents in his possession or control.

2.  Defendant shall file any further necessary motion to compel within 60 days of the date of this order.

3.  Plaintiff is cautioned that failure to comply with this order in good faith may result in

3

sanctions up to and including dismissal of the case, depending upon the degree of non-compliance.

Dated: 04/09/26

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ckd, thomas19.1041.3rdmtc

4